FILED
2014 Dec-29  AM 09:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** | } | |
| | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:13-cv-01530-MHH** |
| | } | |
| **PREMIERE RESTORATION & REMODELING, INC., an Alabama Corporation; WILLIAM NEWELL SHERIDAN; CYNTHIA P. SHERIDAN,** | } } } } } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

In this declaratory judgment action, plaintiff Auto-Owners Insurance Company asks the Court to declare that under the terms of a commercial general liability policy that Auto-Owners issued to defendant Premiere Restoration & Remodeling, Inc., Auto-Owners does not have a duty to continue to defend or indemnify Premiere against a $125,051.00 default judgment in an underlying state court action. The other defendants in this case, William Newell Sheridan and Cynthia P. Sheridan, are the plaintiffs in the state court lawsuit.[1]

---

[1] Auto-Owners is a Michigan citizen. (Doc. 1, ¶ 1). The defendants are citizens of Alabama. (Doc. 1, ¶¶ 2-3). The Court has subject matter jurisdiction over this declaratory judgment action because the parties are completely diverse, and more than $75,000 is in controversy. 28 U.S.C. § 1332.

According to Auto-Owners, Premiere violated the terms and conditions of the policy when Premiere failed to cooperate with Auto-Owners and the attorney Auto-Owners provided to represent Premiere in the state court action that the Sheridans filed. Pursuant to Federal Rule of Civil Procedure 55, Auto-Owners seeks a default judgment against Premiere for Premiere's failure to answer or otherwise defend this action. Pursuant to Federal Rule of Civil Procedure 56, Auto-Owners seeks judgment as a matter of law against the Sheridans. The Court grants Auto-Owners's motions because Premiere violated the terms and conditions of the policy by failing to cooperate with Auto-Owners in defending in the underlying state court action. The Court explains its decision in greater detail below.

## STANDARD OF REVIEW

## I.    Default Judgment

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Auto-Owners filed a motion for entry of default against the defendants accompanied by proof of service[2] and an affidavit.

---

[2] After obtaining leave of Court, Auto-Owners served Premiere by publication on June 30, 2014. (Docs. 26, 26-1).

(Docs. 26, 26-1, 27, 27-1).   The Clerk entered default against Premiere on September 25, 2014.  (Doc. 28).

The entry of default does not by itself warrant an entry of default judgment. Rather, there must be a sufficient basis in the pleadings for the judgment.  *Khufu El v. Platinum Home Mortgage Servs., Inc.*, 490 Fed. Appx. 306, 307 (11th Cir. 2012) (citing *Nishimatsu Constr. Co v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[3]  To decide whether there is a sufficient basis for an entry of default judgment, the Court must review the complaint and its underlying merits.  *See Stegeman v. Georgia*, 290 Fed. Appx. 320, 323 (11th Cir. 2008) (citation omitted). Although "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact," *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007), the Court has "an obligation to assure that there is a legitimate basis" for the judgment.  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).  In other words, "a default judgment cannot stand on a complaint that fails to state a claim."  *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, 1370 n. 41 (11th Cir. 1997).

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions that the former Fifth Circuit issued before the close of business on September 30, 1981.

## II.   Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party opposing a motion for summary judgment must identify disputed issues of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c). When considering a summary judgment motion, the Court must view the evidence in the record in the light most favorable to the non-moving party.  *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011).   "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

## FACTS

## I.   Underlying State Court Action

On March 2, 2011, the Sheridans sued Premiere, Jerry Sulzby, Rodney Bates, and Gary Thompson in the Circuit Court of Jefferson County, Alabama.[4] The Sheridans alleged that in July 2010, they entered into a contract with Premiere. In the contract, Premiere agreed to construct a new home for the Sheridans after a

---

[4] The Court granted Auto-Owners's motion to dismiss its claims against Jerry Sulzby upon Mr. Sulzby's death.  (*See* Docs. 13, 16).  Ms. Bates and Mr. Thompson are not parties to this action.

fire destroyed their previous residence. (Doc. 1-1, ¶¶ 7-9). The contract obligated Premiere to construct the new home for the amount the Sheridan's insurance company had agreed to pay for reconstruction. (Doc. 1-1, ¶ 11). Despite being paid half the contract price, Premiere did not complete construction of the home in compliance with the contract specifications. The Sheridans claimed that the work performed by Premiere is faulty and fails to meet industry standards. The home continued to sustain damage because Premiere left the home unprotected from the weather and elements. (Doc. 1-1, ¶¶ 12-30). The Sheridans contend it would cost more than $185,000.00 to finish construction of the house to meet the contract specifications and to repair the faulty construction that Premiere had performed to date. (Doc. 1-1, ¶ 33). The Sheridans were unable to obtain additional funds from their insurance company to complete construction of the home, and numerous subcontractors threated to file liens due to Premiere's failure to pay amounts due to them for work performed on the home and for which the Sheridans had paid Premiere. (Doc. 1-1, ¶¶ 36-37). Premiere refused to execute a release of liens against the project, which prevented the Sheridans from obtaining funds to pay a third party to finish the work. (Doc. 1-1, ¶ 39). The Sheridans claimed they missed work, lost wages, and suffered mental anguish, pain, and suffering due to Premiere's actions.

The Sheridan's state court complaint asserted claims for: (1) breach of contract; (2) negligent construction; (3) wantonness; (4) fraudulent misrepresentation; (5) fraudulent suppression; (6) breach of warranty; and (7) bad faith.   (Doc. 1-1, pp. 7-12).   The Sheridans sought compensatory and punitive damages.  (Doc. 1-1, p. 13).

On August 1, 2011, the Sheridans served Premiere with interrogatories and requests for production.  (Doc. 19-4, pp. 2-8).  Premiere made a claim with Auto-Owners for it to provide a defense and indemnification.  Pursuant to Commercial General Liability Policy number 084617-38833849-10, Auto-Owners provided a defense in the underlying case under a reservation of rights.  (Doc. 1, ¶ 10; Doc. 19-5, pp. 2-3, 5-11).   On May 14, 2012, Auto-Owners sent Premiere a letter requesting Premiere's assistance in responding to the Sheridans' discovery requests.  (Doc. 19-5, p. 17).   On January 16, 2013, Auto-Owners sent another letter to Premiere requesting assistance in completing the discovery requests. Auto-Owners asked for a response "as quickly as possible" to avoid adverse court action.  (Doc. 19-5, p. 20).  On March 13, 2013, Auto-Owners sent Premiere a letter explaining that counsel "ha[d] been unable to reach you and thereby unable to appropriately respond and participate in the ongoing discovery" in the state court action.  (Doc. 19-5, p. 13).  The letter reminded Premiere that Auto-Owners was defending Premiere under a reservation of rights and that Premiere was

6

required under the policy to "participate in the defense" of the underlying lawsuit.

The letter referred Premiere to the policy language included in Section IV.2(c):

> You and any other involved insured must:
>
> (1) Immediately send us copies of any correspondent , demand, notices, summonses or papers in connection with any claim or "suit";
>
> (2)  Authorize us to obtain records and other information;
>
> (3) Cooperate with us in the investigation or settlement of any claim or defense of any "suit"; and
>
> (4)  Assist us, upon our request, in the enforcement of any right against any  person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

(Doc. 19-5, pp. 13-14; *see also* Doc. 19-12, p. 4).

On April 30, 2013, the Sheridans filed a motion to compel discovery responses from Premiere.  (Doc. 19-6, pp. 2-3).    The state court granted the Sheridans' motion to compel on May 1, 2013, and ordered Premiere to answer the discovery within 21 days. (Doc. 19-7, p. 2).  When Premiere failed to respond to the discovery requests, the Sheirdans filed a motion for sanctions.   (Doc. 19-8, p. 2).   The state court granted the motion and entered default judgment against Premiere.  (Doc. 19-9, p. 2).  After a hearing on damages, the state court awarded the Sheridans a $125,051.00 judgment.  (November 5, 2014 docket entry).

## II.   Procedural History of This Lawsuit

On August 20, 2013, Auto-Owners filed its declaratory judgment complaint in this Court.  (Doc. 1).  Auto-Owners seeks a declaration that it is not obligated to continue its defense of Premiere or pay the Sheridans insurance proceeds for any liability associated with the default judgment in the underlying state court action. (Doc. 1, ¶ 19).  Auto-Owners attached as exhibits to the complaint a copy of the Sheridans' state court complaint, letters to Premiere requesting assistance in responding to the Sheridans' discovery requests, the Sheridans' motion for sanctions, and the state court order entering default judgment against Premiere in the underlying action.   (Docs. 1-1, 1-2, 1-3, 1-4).  Auto-Owners's declaratory judgment complaint contains the insurance policy language and various definitions.  (Doc. 1, ¶ 11).  The complaint states that Premiere "has failed to cooperate with Auto-Owners and the attorney provided by Auto-Owners under a reservation of rights in the underlying case."  (Doc. 1, ¶ 12).  Specifically, the complaint states that "despite communications conveying the necessity of doing so to avoid a default judgment," Auto-Owners "has been unable to obtain any cooperation from Premier[e] or its representative in answering discovery."  (Doc. 1, ¶ 13).   Based on Premiere's non-cooperation, Auto-Owners alleges that

Premiere has "breached the insurance policy contract and is no longer entitled to any indemnity or defense from Auto-Owners." (Doc. 1, ¶ 13).[5]

Auto-Owners served the Sheridans with a copy of the summons and complaint on Otcober 28, 2013. (*See* Doc. 5). The Sheridans answered the complaint and filed a counterclaim[6] against Auto-Owners on November 13, 2013. (Doc. 8). Despite good faith efforts to serve Premiere by certified mail, Auto-Owners was unable to locate Premiere or an agent for service. (*See* Docs. 12, 21, 21-1). On May 13, 2014, the Court granted Auto-Owners's motion to serve Premiere by publication. (Doc. 22). Service by publication was complete on June 30, 2014. (Doc. 26, ¶ 3; Doc. 26-1). Premiere's answer or response to Auto-Owners's complaint was due on July 21, 2014. To date, Premiere has not answered the complaint. On August 13, 2014, Auto-Owners moved for Clerk's

---

[5] The declaratory judgment complaint also alleges that there are other reasons for lack of coverage. (*See* Doc. 1, ¶ 16). Because the Court can resolve the instant motions on Premiere's failure to cooperate, the Court does not address Auto-Owners's alternative arguments regarding its duty to defend and indemnify.

[6] The Sheridans' counterclaim states that "[d]ue to the actions of plaintiff Auto Owners the defendants[] have been forced to incur expenses and attorney's fees due to no fault of their own." (Doc. 8, p. 2). The Sheridans seeks to recover those expenses and attorney's fees from Auto-Owners. (*Id.*). Auto-Owners answered the counterclaim on November 15, 2014 and denied the allegations of the counterclaim. (Doc. 10, ¶ 1).

"Under the bedrock principle known as the 'American Rule,' [e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1175 (2013) (internal quotations and citations omitted). The Sheridans have not pointed the Court to a statute or contract suggesting the Court should deviate from the general rule that the parties to this action should pay for their own attorney's fees. Therefore, the Court will dismiss with prejudice the Sheridans' counterclaim for attorney's fees.

entry of default against Premiere, and the Clerk entered default against Premiere on September 19, 2014.  (Docs. 27, 28).  Auto-Owners filed a motion for default judgment against Premiere on September 25, 2014.  (Doc. 29).

Auto-Owners also filed a motion for summary judgment.  (Doc. 19).  The Sheridans have not filed a response in opposition to the motion for summary judgment despite multiple opportunities from the Court to do so.  (*See* Docs. 31, 32, 33).  The Sheridans did file a document titled "Defendant Sheridans Response to Plaintiff Motion for Default."  (Doc. 34).  The Sheridans question Auto-Owners's attempts to serve Premiere before the Court granted leave to serve by publication, but the Sheridans do not challenge the service by publication itself or otherwise contend that Auto-Owners failed to perfect service on Premiere.  (Doc. 34, ¶¶ 6-10).  The Sheridans do not respond substantively to Auto-Owners's motion for summary judgment, but they do maintain:

> The question for the Court is whether or not during the original case was there sufficient non assistance to render the insurance policy null and void thus preventing [the Sheridans] from recovering.  The fact that Premiere has not answered this [declaratory judgment] lawsuit is irrelevant to [the Sheridans] claim against Premiere and what coverage is due Premiere by Auto Owners.

(Doc. 34, ¶ 11).

On this record, the Court considers Auto-Owners's motions.

## ANALYSIS

Auto-Owners asks the Court for declaratory relief pursuant to the Declaratory Judgment Act.  Under the Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.  "It is well established that district courts have exceptionally broad discretion in deciding whether to issue a declaratory judgment, and the remedy is not obligatory."  *Otwell v. Alabama Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-88 (1995)).  As the Supreme Court has explained, "[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  *Wilton*, 515 U.S. at 286-87.  Thus, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  *Id.* at 288.  Here, the Court sees no "considerations of practicality and wise judicial administration," such as an ongoing state court proceeding, that would keep the Court from issuing a declaration in this case.

As explained in greater detail below, because Premiere failed to cooperate with Auto-Owners in the underlying state court action, the Court will enter default

judgment against Premiere and judgment as a matter of law in favor of Auto-Owners on its coverage claim against the Sheridans.

The insurance policy Auto-Owners provided to Premiere places certain duties upon Premiere in the event of an occurrence, offense, claim, or suit for which the policy might provide coverage. The policy requires that Premiere "[c]ooperate with [Auto-Owners] in the investigation or settlement of the claim or defense against the 'suit.'" (Doc. 19-12, p. 4).

Auto-Owners sent Premiere an initial reservation of rights letter on December 28, 2011. (Doc. 19-5, pp. 5-11). On May 14, 2012, Auto-Owners's counsel mailed a letter to Premiere, which stated: "[W]e need to respond to the Plaintiffs's discovery requests." (Doc. 19-5, p. 17). Counsel enclosed the discovery requests and asked Premiere to contact the attorney "so that we can prepare appropriate responses as soon as possible." (Doc. 19-5, p. 17). On January 16, 2013, Auto Owners's counsel mailed a letter to Premiere stating that if Premiere was not filing for bankruptcy, the company would "need to go forward and respond to the Plaintiffs' discovery requests." (Doc. 19-5, p. 20). The letter asked for a response "as quickly as possible" so counsel could discuss the issue with Premiere "before we encounter an adverse ruling from the court." (Doc. 19-5, p. 20).

Auto-Owners mailed a letter to Premiere on March 15, 2013 indicating that Auto-Owners's counsel had "been unable to reach [Premiere or one of its representatives] and thereby unable to appropriately respond and participate in the ongoing discovery" which was part of the underlying action. (Doc. 19-5, p. 13). The letter encouraged Premiere to "participate in the defense of [the underlying action] to the extent necessary as the attorney [Auto-Owners's] has provided requests of you." (Doc. 19-5, p. 13). The letter explained that Premiere's participation in the defense was a requirement set forth in the policy conditions, and the letter referred Premiere to its duty to cooperate with Auto-Owners. (Doc. 19-5, pp. 13-14). The letter advised Premiere that its failure "to adhere to conditions of the policy could compromise coverage being provided for defense as a breach of the conditions set forth in the policy." (Doc. 19-5, p. 14).

On May 6, 2013, Auto-Owners's counsel mailed a letter to Premiere and included a copy of the state court's order granting the Sheridans' motion to compel discovery. (Doc. 19-5, p. 23). The letter explained that Premiere had 21 days to answer or respond to the discovery and asked Premiere to "prepare draft responses to these discovery requests immediately." (Doc. 19-5, p. 23). The letter warned Premiere that if it failed to respond, the state court likely would enter a default judgment in favor of the Sheridans. (Doc. 19-5, p. 23). When Premiere failed to respond to the discovery requests, the Sheridans filed a motion for sanctions in the

underlying action.  (Doc.  19-8, pp. 2-3).  The state court granted the motion on July 2, 2013 and entered default judgment against Premiere.  (Doc. 19-9, p. 2).

On these facts, Auto-Owners argues that Premiere's failure to cooperate in the defense of the Sheridan's state court action warrants a declaration that Auto-Owners owes Premiere no further defense, and Auto-Owners is not obligated to indemnify Premiere from the default judgment.  (Doc. 1, ¶ 19; Doc. 19-1, pp. 10-11).

As the insurer, Auto-Owners has "the burden of proof to establish non-cooperation." *Colorado Cas. Ins. Co. v. The Kirby Co.*, 2008 WL 149996, at *4 (M.D. Ala. Jan. 14, 2008) (internal citations and quotation marks omitted); *see also Ex parte Clarke,* 728 So. 2d 135, 141 (Ala.1998) ("[T]he burden of proof to establish non-cooperation rest[s] upon the insurer.") (quoting *Employers Ins. Co. v. Crook*, 160 So. 2d 463, 465 (Ala. 1964)). "In order for [Premiere's] non-cooperation to constitute a breach of insurance coverage, the lack of cooperation must be 'both material and substantial.'" *Colorado Cas. Ins. Co.*, 2008 WL 149996, at *4 (quoting *Clarke,* 728 So. 2d at 141). "'The test for determining what is material and substantial . . . amounts to a requirement of prejudice to the insurer.'" *Alberson v. Nationwide Assurance Co.*, 2003 WL 23335453, at *3 (M.D. Ala. Oct. 24, 2003) (quoting *Williams v. Alabama Farm Bureau Mut. Cas. Ins. Co.*, 416 So. 2d 744, 746 (Ala. 1982)); *see also Home Indem. Co. v. Reed*

14

*Equip., Co.,* 381 So. 2d 45, 49 (Ala. 1980) (holding that under Alabama law an insured's noncooperation must be "material and substantial-resulting in prejudice to the insurer"). "What constitutes a failure of cooperation by the insured is usually a question of fact. . . ." *Alberson*, 2003 WL 23335453, at *3 (internal quotation marks and citations omitted). But "non-cooperation is deemed prejudicial if the failure to cooperate negate[s] the only evidence the insurer could offer in defense . . . or the insurer is deprived of the opportunity to conduct an investigation and mount a defense." *Colorado Cas. Ins. Co.*, 2008 WL 149996, at *4 (internal quotation marks and citations omitted).

Premiere's failure to respond to multiple requests from Auto-Owners and the attorney Auto-Owners hired to represent Premiere in the underlying state court action amounts to material and substantial non-cooperation that prejudiced Auto-Owners. Auto-Owners sent Premiere four letters explaining that Auto-Owners needed Premiere's assistance in responding to the Sheridans' discovery requests. (*See* Doc. 19-5, pp. 13, 17, 20, 23). The final letter enclosed a copy of the state court order granting the Sheridans' motion to compel discovery responses and explained that Premiere had 21 days to answer or respond to the discovery. (Doc. 19-5, p. 23). The letter asked Premiere to "prepare draft responses to these discovery requests immediately" and warned Premiere that if Premiere failed to respond, the state court likely would enter a default judgment in favor of the

Sheridans.  (Doc. 19-5, p. 23).  Because Premiere failed to respond to numerous requests for information responsive to the Sheridans' discovery requests, Premiere negated the only evidence or information Auto-Owners could have offered in response to the discovery requests and court orders regarding discovery. Premiere's inaction also deprived Auto-Owners of the opportunity to mount a defense. Auto-Owners could not respond to the Sheridans' discovery requests because Premiere did not provide Auto-Owners with any information responsive to the requests.  As a result, the state court entered default judgment against Premiere. Premiere failed to respond to multiple pleas for assistance or heed warnings from Auto-Owners regarding the consequences of Premiere's failure to cooperate and provide Auto-Owners with the requested information.  Therefore, Premiere's non-cooperation constitutes a breach of its insurance policy, and Auto-Owners is under no duty to continue to defend or indemnify Premiere against the state court default judgment. *See Colorado Cas. Ins. Co.*, 2008 WL 149996, at *4.

The Court is sympathetic to the Sheridans' position.  Due to no fault of their own, the Sherdans likely have no recourse against Premiere or any way to enforce the state court default judgment.  The Sheridans are correct that "[t]he question for the Court is whether or not during the original case was there sufficient non assistance to render the insurance policy null and void thus preventing [the Sheridans] from recovering."  (*See* Doc. 34, ¶ 11).  The Sheridans also are correct

that "[t]he fact that Premiere has not answered this [declaratory judgment] lawsuit is irrelevant to [the Sheridans'] claim against Premiere and what coverage is due Premiere by Auto Owners." (Doc. 34, ¶ 11). Premiere's failure to answer or respond to the declaratory judgment complaint before this Court impacts only the Court's determination of whether Auto-Owners is entitled to default judgment against Premiere; Premiere's failure to answer or respond to the declaratory judgment action does not impact the Court's analysis of the merits of Auto-Owners's motion for summary judgment regarding its coverage claims against the Sheridans. Unfortunately for the Sheridans, as explained above, Premiere's non-cooperation relieves Auto-Owners of its duty to further defend or indemnify Premiere against the state court default judgment. Accordingly, Auto-Owners is entitled to default judgment against Premiere, and Auto-Owners is entitled to judgment as matter of law against the Sheridans on its duty to defend and indemnify claims.

**CONCLUSION**

For the reasons outlined above, the Court **GRANTS** Auto-Owners's motion for summary judgment against the Sheridans and Auto-Owners's motion for default judgment against Premiere. The Court will enter a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this December 29, 2014.

MADELINE HUGHES HAIKALA
UNITED STATES DISTRICT JUDGE